IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE AMERICAN SUGAR REFINING COMPANY, INC., d/b/a DOMINO SUGARS, | * <br> * |
| Plaintiff, | * |
| v. | *  CIVIL ACTION NO. CCB03CV329 |
| M/V ALIANA PRINCESS, her engines, boilers, tackle, appurtenances, *in rem*, etc., et al., | * <br> * |
| Defendants. | * |

\*     \*     \*     \*     \*

## **ANSWER**

Mystique Princess Shipping Co., Ltd. ("Mystique"), appearing specially as Owner of the M/V ALIANA PRINCESS by Robert B. Hopkins, Charles A. Diorio, and Ober, Kaler, Grimes & Shriver, a Professional Corporation, its attorneys, answers the Complaint and states:

1. Paragraph 1 states a legal conclusion to which Mystique is not required to respond as the Court must determine its own jurisdiction.

2. It is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. It admits that, at the time of the alleged incident described in the Complaint, Mystique was a foreign corporation and was the Owner of the M/V ALIANA PRINCESS. It further admits that, at the time of the alleged incident described in the Complaint, Troy Gemi Isletmeciligi Accentalik ve Ticaret A.S. was a foreign coporation

and was the operator of the M/V ALIANA PRINCESS. It denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. It admits that, at the time of the incident described in the Complaint, the M/V ALIANA PRINCESS was a seagoing vessel. It denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. It admits that on or about November 16, 2001, the M/V ALIANA PRINCESS was berthed at the Domino Sugar Pier in Baltimore and further admits that the M/V ALIANA PRINCESS and a gantry crane at the Domino Sugar Pier came in contact with each other. It denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. It denies the allegations contained in Paragraph 6 of the Complaint

7. It admits that certain physical damage occurred to the gantry crane, but it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. It is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The incident complained of occurred without any negligence on the part of Mystique or the M/V ALIANA PRINCESS, and those Defendants are therefore not liable for any of the damages claimed by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Any negligence caused or contributing to the incident complained of was without the privity or knowledge of Mystique and this party is entitled to limit its liability in accordance with the United States Limitation of Liability Act, 46 U.S.C.A. § 181. et seq.

### THIRD AFFIRMATIVE DEFENSE

Mystique is not responsible for the acts of the compulsory pilot aboard the M/V ALIANA PRINCESS.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

WHEREFORE, having fully answered, Mystique prays that the Complaint against it and the M/V ALIANA PRINCESS be dismissed with costs and that the Court order such other and further relief it may deem just.

_____/S/_____
Robert B. Hopkins (bar no. 06017)


_____/S/_____
Charles A. Diorio (bar no. 26369)
(Signed by Robert B. Hopkins with
   permission of Charles A. Diorio)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore St., 8th Floor
Baltimore, MD  21202
(410) 685-1120

*Attorneys for Mystique Princess Shipping
  Co., Ltd.*

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.